■ In the Matter of RUDOLPH G. ANTONUCCI, Petitioner, v PORT CHESTER-RYE UNION FREE SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent superintendent of schools, made after a hearing, which (1) held that petitioner had falsely claimed overtime pay and (2) demoted him from the position of head custodian to custodian. Determination modified, on the law, by reducing the penalty to a written reprimand and one day's suspension without pay. As so modified, determination confirmed and petition otherwise dismissed, without costs or disbursements. No findings of fact were presented for review. Respondents are directed to restore petitioner to the position of head custodian, with back pay. Charges against four custodians, including petitioner, for claiming overtime for services which they did not in fact perform were sustained. Two custodians received written reprimands and a third was suspended for one day without pay; petitioner was demoted from head custodian to custodian, with concomitant reduction in salary. None of the four employees had ever had disciplinary charges preferred against him previously; in petitioner's case that period covered 20 years. Although we hold that the determination of misconduct is supported by substantial evidence, the disparity in the severity of punishment imposed upon petitioner, as compared with that imposed upon the other three custodians, is " 'shocking to one's sense of fairness' " (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). According to the respondent superintendent, the two custodians who received written reprimands "readily admitted they erred in their claim for overtime services and based their error on confusion in filling out the overtime certification dates." One may infer that petitioner was treated more harshly than these two because he asserted his innocence. The misconduct of the third custodian was deemed not to have been "completely intentional." We perceive no basis for terming the submission of one overtime sheet less intentional than the submission of another. Finally, although petitioner's record was, as were the others, without previous blemish, he alone of the four was not stipulated to have performed in an exemplary manner; rather, his immediate supervisor

disliked his attitude. This, too, is an unfair basis upon which to predicate a punishment singularly more harsh than was imposed upon the other guilty custodians. Gulotta, P. J., Martuscello and Shapiro, JJ., concur; Hopkins and Latham, JJ., concur insofar as the majority is confirming that part of the determination which found that petitioner had falsely claimed overtime pay, but otherwise dissent and vote to (1) confirm that part of the determination which imposed a penalty and (2) dismiss the entire petition on the merits.